UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

RAFAEL SIERRA,
EDGAR FLORES,

    Plaintiffs,

vs.

CASA FIESTA, L.L.C.

    Defendant.

Case No.: 13-cv-12381
Hon. Stephen J. Murphy III
Mag. David R. Grand

_____/

| GOLD STAR LAW, P.C. | MIZEROWSKI & ASSOCIATES, PC |
|---|---|
| DAVID A. HARDESTY (P38609) | WILLIAM L. PARKER (P51485) |
| CAITLIN E. MALHOIT (P76606) | Attorneys for Defendant |
| Attorneys for Plaintiff | 873 N. Mill St. |
| 2701 Troy Center Dr., Ste. 400 | Plymouth, MI 48170 |
| Troy, MI 48084 | (734) 656-1500 |
| (248) 275-5200 | wparker@tmizlaw.com |
| dhardesty@goldstarlaw.com | |
| cmalhoit@goldstarlaw.com | |

_____/

## JOINT FINAL PRE-TRIAL ORDER

1. **Jurisdiction:** This is an action brought pursuant to the Fair Labor Standards Act, 29 USC 201 et. seq. ("FLSA") and jurisdiction is therefore proper pursuant to 28 USC § 1331. Jurisdiction is not contested by either party.

1

2. **Plaintiff's Claims:** Defendant failed to properly compensate Plaintiffs under the FLSA.

   a. Plaintiffs Sierra and Flores both worked hours in excess of forty per week (overtime hours) for which they were not properly compensated under the FLSA.

   b. Defendant's "tip pooling" arrangement did not meet the requirements of the FLSA for the relevant time period. Accordingly, Defendant cannot rely on the "tip credit" provision of the FLSA and failed to pay Plaintiffs minimum wage for all hours worked.

   c. Defendant failed to properly notify Plaintiff Sierra of the "Tip Credit" as required by the FLSA until November 2, 2012. Accordingly, Defendant cannot claim "tip credit" with respect to Plaintiff Sierra for the relevant time period up until November 2, 2012, and failed to pay Plaintiff Sierra minimum wage for all hours worked.

3. **Defendant's Claims:** Plaintiff will be unable to establish a violation of the FLSA.

a. Plaintiff Sierra was admittedly aware of the strictures and requirements of the FLSA in regard to the "Tip Credit." Further, his admitted conversations with Plaintiff Flores, an assistant manager, were sufficient to meet the requirement of explaining the Tip Credit to employees. Plaintiff Sierra further admits that the Tip Credit was explained to him by Manager Alberto Dominguez on or about November 4, 2012.

b. Plaintiffs will be unable to establish that they were denied overtime pay in violation of the FLSA. Both Plaintiff's certified their own time sheets, signing the time sheets and thus admitting that they had not worked overtime during the disputed period.

c. Plaintiffs will further be unable to establish a violation in regard to "Tip Pooling" arrangement. Plaintiffs admit that during the period of time Fernando Macias was manager, after a complaint was made, there were no occasions when the Tip Pooling arrangement was in effect with no support staff. Albert Dominguez will deny that during his tenure as manager that the Tip Pooling arrangement was improperly administered.

>Further, Defendants will deny there was any violation of the Tip Pooling arrangement.

4. **Stipulation of Facts and Law:** The parties stipulate to the following facts:

   a) Plaintiff Flores began his at issue employment with Casa Fiesta LLC on April 27, 2010.

   b) Plaintiff Sierra began his employment with Casa Fiesta LLC on August 22, 2010.

   c) Plaintiff Sierra had been paid on a Tip Credit basis by other employers prior to beginning his employment at Casa Fiesta LLC.

   d) The requirements regarding informing an employee about the Tip Credit under the FLSA were met with regard to Plaintiff Flores.

5. **Issues of Fact to be Litigated:**

   a) Whether the Plaintiffs worked overtime for which they were no properly compensated under the FLSA;

   b) Whether the Defendant met the requirements of the FLSA with regard to informing Plaintiff Sierra of the Tip Credit;

   c) Whether Defendant improperly administered the Tip Pooling arrangement.

6. **Issues of Law to be Litigated:**

There are no issues of law to be litigated.

7. **Evidence Problems Likely to Arise at Trial**:

It is not anticipated that any evidentiary problems will arise at trial. The parties will file appropriate Motions in Limine in accordance with the Scheduling Order and Standing Order for Civil Cases. At this time, Defendant anticipates filing a Motion in Limine concerning Plaintiff's employment with other entities that are not part of this litigation. Further, Defendant anticipate filling a Motion in Limine to preclude and reference to either Plaintiff's separation of employment with Defendant or any reference to any other alleged retaliatory acts.

8. **Witnesses:**

Plaintiff anticipates calling the following witnesses at trial:

   a) Rafael Sierra (expect to call);

    b) Edgar Flores (expect to call);

    c) Alberto Dominguez (may call);

    d) David Corona (may call);

    e) Miguel Amaral (may call);

    f) Juan Hernandez (may call);

    g) Keepers of the records as necessary to authenticate documents (may call);

    h) All witnesses named on Defendant's list below.

Defendant anticipates calling the following witnesses at trial:

    a) Alberto Dominguez (expects to call);

    b) David Corona (expects to call);

    c) Miguel Amaral (expects to call);

    d) Juan Hernandez (may call);

    e) Agustin Martinez (may call);

    f) Fernando Macias (expects to call if he can be located);

    g) Jesus Martinez (expects to call if he can be located);

    h) Esmeralda Hernandez (may call);

    i) Brittany Adams (may call);

    j) Blanca Vargas (may call);

k) Jorge Pardon (may call);

l) Ramon Ayaca (may call);

m) Ashley Clark (may call);

n) Kaitlin Hyde (may call);

o) Luis Medina (may call);

p) Daniel Arrendondo (may call);

q) Juan Reyes (may call);

r) Luis Panzo (may call);

s) Eratso Panzo (may call);

t) Records custodian of Casa Fiesta LLC (may call if necessary);

u) Records custodian of Kallas Company (payroll services)(may call if necessary);

v) All of those witnesses listed on Plaintiff's witness list set forth above.

9. **Depositions:**

1. The parties may utilize the deposition transcripts of Rafael Sierra, Edgar Flores and Alberto Dominguez.

10. **Exhibits:**

7

Plaintiff and Defendant shall seek the introduction of the following documents:

1. The personnel file of each Plaintiff;

2. Time records for each Plaintiff ("Weekly Time Sheets").

3. IRS Form 4070 for each Plaintiff for each time period ("Employee Report of Tips to Employer").

4. Payroll records for each Plaintiff (Kallas Company records).

5. Photographs of posted notifications (Employee Notification Posters);

11. **Damages:** If Plaintiffs prevail on their claim for unpaid overtime compensation, they are entitled to their actual unpaid overtime compensation plus their costs and attorney fees. Additionally, an award of liquidated damages, in an amount equal to the actual unpaid overtime damages, is mandatory unless the employer proves that its violation of the FLSA was committed in good faith and that the employer had reasonable grounds for believing that his act or omission was not a violation of the FLSA.

If Defendant does not prevail on its "tip credit" defense, Plaintiffs are entitled to the difference between minimum wage and the actual wage they received. The same provisions regarding costs, attorney fees, and liquidated

8

damages that apply to the overtime claim also apply to the minimum wage claim.

12. **Trial:**

    A.    Plaintiff's Proofs:  Two (2) days

    B.    Defendant's Proofs:    Two (2) days

    C.    Jury trial.

    D.    No.

    E.    Yes.

13. **Settlement:**

Plaintiff's demand for settlement exceeds the amount Defendant can afford to pay. Plaintiff made a demand initially in this matter in late May of 2013. Defendant responded shortly thereafter. The parties have otherwise been unable to agree on settlement.

14. **Requests for jury instructions:**

Shall be filed no later than the last business day prior to trial.

15. **Juror Expenses:**

The Court my assess juror expenses under LR 38.3.

                                        Respectfully submitted,

| | |
|---|---|
| /s/ Caitlin Malhoit | /s/ William Parker |
| Attorney for Plaintiff | Attorney for Defendant |
| 2701 Troy Center Dr., Ste. 400 | 873 N. Mill St. |
| Troy, MI 48084 | Plymouth, MI 48170 |
| (248) 275-5200 | (734) 656-1500 |
| cmalhoit@goldstarlaw.com | wparker@tmizlaw.com |